1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AUGUSTIN GUY DE LA CERDA, | ) | 1:08-cv-01836-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS (Doc. 1) |
| | ) | |
| ANTHONY HEDGPETH, Warden, | ) | ORDER DIRECTING THAT A RESPONSE |
| | ) | BE FILED BY PETITIONER WITHIN |
| Respondent. | ) | THIRTY DAYS |
| | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus, challenging Petitioner's May 2000 conviction for attempted voluntary manslaughter, robbery, assault with a deadly weapon, and various sentence enhancements, as well as the subsequent forty-year sentence imposed by the trial court, was filed on December 2, 2008. (Doc. 1).

In his petition, Petitioner raises the following claims: (1) under the rationale in United States Supreme Court's decision in <u>Cunningham v. California</u>, 549 U.S. 270, 127 S.Ct. 856 (2007), Petitioner was denied his Sixth Amendment right to a jury trial when the state trial court, applying California's Determinate Sentencing Law ("DSL"), imposed the upper term sentence on the principal charge without first submitting the facts supporting the upper-term sentence to a jury; (2) the time imposed for the sentence enhancements is in excess of the statutory maximum under California law;

1

1  (3) insufficient evidence to support guilt on counts two and four; (4) denial of Petitioner's Sixth

2  Amendment right to confrontation of witnesses; (5) Petitioner's sentence violates due process.  (Doc.

3  1, pp. 3-9).

4        A preliminary review of the Petition, however, reveals that the petition may be untimely and

5  should therefore be dismissed.

6                          **DISCUSSION**

7      A.  Preliminary Review of Petition

8        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

9  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

10 not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

11 The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

12 habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

13 dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

14 Cir.2001).  In Herbst, the Ninth Circuit concluded that a district court may dismiss *sua sponte* a

15 habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

16 notice of its intent to dismiss and an opportunity to respond.  Herbst, 260 F.3d at 1041-1042.  Here,

17 by issuing this Order to Show Cause and permitting Petitioner to file a response thereto, the Court is

18 affording Petitioner the opportunity to respond required by the Ninth Circuit.

19     B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

20       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

21 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

22 corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059

23 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by

24 Lindh v. Murphy, 521 U.S. 320.  The instant petition was filed on December 2,  2008, and thus, it is

25 subject to the provisions of the AEDPA.

26       The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

27 petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

28 reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  28 U.S.C. § 2244(d)(1)(a).  Here, judgment was rendered on May 2, 2000, and Petitioner did not file an appeal.  California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions.  See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)).  Pursuant to California Rules of Court, Rule 8.308(a), formerly Rule 31(d), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment.  See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)).  Because Petitioner did not file a notice of appeal, his direct review concluded on July 2, 2000, when the sixty-day period for filing a notice of appeal expired.  The one-year period under the AEDPA would have commenced the following day, on July 3, 2000, and Petitioner would have had one year from that date, or until July 3, 2001, within which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

///

3

1    As mentioned, the instant petition was not filed until December 2, 2008, almost seven and

2  one-half years *after* the date the one-year period expired.  Thus, unless some other provision of

3  § 2244(d)(1) is applicable, or unless Petitioner is entitled to some form of statutory or equitable

4  tolling, the petition is untimely and must be dismissed.

5    Here, Petitioner implicitly contends that, for purposes of a claim founded on Cunningham,

6  the AEDPA's one-year limitation period did not commence until that case was decided in 2007 by

7  the United States Supreme Court.  This is incorrect.

8    As indicated above, the one-year limitation period commences on the latest of one of the four

9  dates set forth in § 2244(d)(1).  Normally, that date would be the date the petitioner's conviction

10  became final.  § 2244(d)(1)(A).  However, the statute of limitations may also commence upon the

11  removal of an "impediment to filing an application created by State action in violation of the

12  Constitution or laws of the United States."   § 2244(d)(1)(B).   The record does not suggest, and

13  Petitioner does not contend, that any such impediment ever existed or that it was subsequently

14  removed.  Accordingly, that date is inapplicable.

15    Nor does § 2244(d)(1)(D) provide a later accrual date for the commencement of the statute of

16  limitations.  Under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence

17  could discover) the important facts, not when the prisoner recognizes their legal significance."

18  Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001); see United States v. Pollard, 416 F.3d 48,

19  55 (D.D.C. 2005)(habeas petitioner's alleged "ignorance of the law until an illuminating

20  conversation with an attorney or fellow prisoner" does not satisfy the requirements of section

21  2244(d)(1)(D)).  Here, Petitioner plainly knew, or should have known, by July 3, 2000, the date the

22  one-year period commenced, the "important fact[s]" on which he bases his Cunningham claim, i.e.,

23  that the upper-term sentence imposed by the state trial court was based in part on facts not submitted

24  to a jury and proven beyond a reasonable doubt.  The running of the statute of limitations does not

25  await illuminating advice, legal research, or the issuance of judicial decisions that help would-be

26  petitioners to recognize the legal significance of particular predicate facts.  See id.

27    Finally, § 2244(d)(1)(C) provides that the one-year period may commence from "the date on

28  which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

1  been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

2  review...."  Presumably, Petitioner implicitly contends that this date applies by virtue of the Supreme

3  Court's 2007 decision in Cunningham that California's DSL was unconstitutional.

4      Section 2244(d)(1)(C), however, is inapplicable to Cunningham because the United States

5  Supreme Court has not held that Cunningham constitutes both (1)  a new rule and (2) a rule

6  retroactively applicable to cases on collateral review.  To the contrary, the Ninth Circuit, in Butler v.

7  Curry, 528 F.3d 624, 633-639 (9th Cir. 2008), held that Cunningham did *not* announce a new rule.

8  In Butler, the Ninth Circuit clarified that the Cunningham decision, striking down California's

9  determinate sentencing law, was compelled by Blakely v. Washington, 542 U.S. 296, 124 S. Ct.

10  2531 (2004), such that the decision as to whether a petitioner's constitutional rights herein were

11  violated rests, as a threshold matter, on whether or not his conviction became final before Blakely,

12  not Cunningham, was decided.  Citing Teague v. Lane, 489 U.S. 288, 306, 109 S.Ct. 1060 (1989),

13  the Ninth Circuit panel stated as follows:

14      Apprendi,[1] Blakely,[2] and Booker[3] made "courts throughout the land" aware that sentencing
schemes that raise the maximum possible term based on facts not found by a jury violate the
15  constitutional rights of defendants. [Cunningham, supra,] at 306. No principles of comity or
federalism would be served by refusing to apply this rule to functionally indistinguishable
16  state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule
of constitutional law and may be applied retroactively on collateral review*.

17
Butler, supra, at 639. (Emphasis supplied).
18
    Apprendi, Blakely, and Booker have been determined to be new rules, but not retroactive on
19
20  collateral review, thereby not satisfying he second requirement.[4]  Cunningham has now been

21  ─────────────

22  [1]Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), held that other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.

23
24  [2]Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), held that the relevant statutory sentencing maximum is the maximum sentence a judge may impose solely based on the facts reflected in the jury's verdict or admitted by defendant.

25
26  [3]United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), in addressing the constitutionality of the federal sentencing guidelines, held that if a fact necessarily results in a mandated higher sentence, the fact must be admitted by the defendant or found by the jury.

27
28  [4]See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005)(Apprendi not retroactive); U.S. v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002)(same); Schardt v. Payne, 414 F.3d 1025, 1033-1038 (9th Cir. 2005)(Blakely not retroactive); U.S. v. Cruz, 423 F.3d 1119 (9th Cir. 2005)(Booker not retroactive).

1    determined by the Ninth Circuit to apply retroactively to cases on collateral review, but is not a new

2    rule, thereby not satisfying the second requirement. Butler, 528 F.3d at 639.

3         Hence, contrary to Petitioner's implicit contention, the alternative start date contained in

4    subsection (C) for the one-year limitation period in Petitioner's case is not implicated by any of the

5    applicable federal case law. Accordingly, the commencement of the statute of limitations here is

6    governed by the "usual" starting date contained in subsection (A). This conclusion is consistent with

7    the great majority of federal district courts in this circuit who have addressed this issue. E.g.,

8    Martinez v. Hedgepeth, 2008 WL 3154689, at *4 (E.D. Cal. Aug. 4, 2008)(because Cunningham was

9    not a new rule, subsection C is inapplicable); Thomas v. Yates, 2008 WL 4177608, at *2 (E.D. Cal.

10   Sept. 4, 2008)(same); Bell v. Adams, 2008 WL 4722564, at *3 (C.D. Cal. Oct. 23, 2008)(same);

11   Collett v. Salazar, 2008 WL 4601463, at *2 (C.D. Cal. Oct. 14, 2008)(same); Taylor v. Vasquez,

12   2008 WL 4723022, at *2-3 (C.D. Cal. Oct. 21, 2008)(same); Schuller v. Horel, 2008 WL 3914171,

13   at *1 n.2 (C.D. Cal. Aug. 25, 2008)(same); Pimental v. Almager, 2008 WL 2757075, at *3 (C.D.

14   Cal. July 14, 2008)(same).[5]

15        As discussed above, using subsection (A) as the starting date inexorably leads to a conclusion

16   that the instant petition was filed at seven and one-half years *after* the one-year period expired.

17   Thus, unless Petitioner is entitled to either statutory or equitable tolling sufficient to account for this

18   lengthy delay, the petition is untimely and must be dismissed.[6]

19        C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

20        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

21   for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

22   pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In

23   Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first

24   state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

25

26        [5]The Court has been unable to find a district court case that reaches a different conclusion than those cited herein.

27        [6]Petitioner also contends that "[i]t is well settled that an unauthorized sentence may be corrected at any time," citing
     California cases in support of his contention. (Doc. 1, p. 16). While that proposition may be true for violations of
     California's *state* sentencing laws in California *state* courts, the same proposition is clearly not true in habeas proceedings

28   in *federal* court, as is evidenced by the strict time requirements imposed by Congress and codified in 28 U.S.C. § 2244(d)(1).

1  challenge."[7]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d

2  557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Ninth Circuit

3  reasoned that tolling the limitation period during the time a petitioner is preparing his petition to file

4  at the next appellate level reinforces the need to present all claims to the state courts first and will

5  prevent the premature filing of federal petitions out of concern that the limitation period will end

6  before all claims can be presented to the state supreme court.  Id. at 1005.  However, the limitation

7  period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker,

8  533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060

9  (9th Cir. 2001)(as amended on December 16, 2002).

10        This statutory tolling will apply if a state petition has been "properly filed."  Artuz v. Bennett,

11  531 U.S. 4, 8 , 121 S. Ct. 361 (2000)(holding that a properly filed state application complies with the

12  applicable laws and rules governing filings, including the form of the application and time

13  limitations).  A state habeas petition is "pending" during a full round of review in the state courts, a

14  period that includes the time between a lower court decision and filing a new petition in a higher

15  court as long as those intervals are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-224, 122

16  S. Ct. 2134 (2002).

17        Here, Petitioner has indicated he has previously filed state habeas petitions but he does not

18  provide the Court with any information or details that would permit the Court to determine whether

19  he is entitled to statutory tolling for the pendency of those petitions.  However, the Court has

20  conducted a review of the California courts' electronic database, which indicates that Petitioner filed

21  the following state habeas petitions: (1) filed in the California Court of Appeal, Fifth Appellate

22  District ("5th DCA") on November 14, 2007 and denied on March 20, 2008 in case no. F054129;

23  and (2) filed in the 5th DCA on July 14, 2008 and denied on July 24, 2008 in case no. F055625.

24

25  _____

26  [7]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction.  See Nino 183 F.3d at 1006, n. 2.  Although a Superior Court order denying habeas corpus relief is

27  non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead

28  file an original habeas petition in the Supreme Court.  See id.

1    The Court could find no record of any petitions filed in the California Supreme Court.[1]

2            Assuming, without deciding, that Petitioner was entitled to statutory tolling during the

3    pendency of those two petitions, he would be entitled to 127 days for case no. F054129 and 10 days

4    for case no. F055652, for a total of 137 days of tolling.  Obviously, even tolling the one-year period

5    for 137 days still leaves the instant petition untimely by over seven years.   Thus, unless Petitioner is

6    entitled to equitable tolling, the petition must be dismissed as untimely.

7            D.  Equitable Tolling

8            The limitation period is subject to equitable tolling when  "extraordinary circumstances

9    beyond a prisoner's control make it impossible to file a petition on time."  Shannon v. Newland,

10   410 F.3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When

11   external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

12   claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d

13   1104, 1107 (9th Cir. 1999).

14           Here, Petitioner has raised several contentions that, liberally construed, could be interpreted

15   as arguments for equitable tolling.  First, Petitioner contends that he did not earlier raise his Sixth

16   Amendment Confrontation Clause claim because he is unskilled in the law and because both his trial

17   and appellate attorneys provided constitutionally ineffective assistance.  (Doc. 1, p. 19).

18           A petitioner's ignorance of the law does not warrant equitable tolling.  Raspberry v. Garcia,

19   448 F.3d 1150, 1154 (9th Cir. 2006).  Moreover, Petitioner's claims of ignorance of the law and

20   illiteracy are insufficient to justify equitable tolling.  See e.g., Hughes v. Idaho State Bd. of

21   Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of

22   law unfortunate but insufficient to establish cause);  Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999);

23   Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).  Finally, the Ninth Circuit has held that the

24

25           [1]The court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources
     whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333
26   (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and
     judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987);
27   Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial
     Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th.
28   Cir. 1980). As such, the internet website for the California Courts, containing the court system's electronic records for filings
     in the Court of Appeal and the California Supreme Court are subject to judicial notice.

8

1   miscalculation of the limitations period by a petitioner's counsel, *or counsel's negligence in general*,

2   do not constitute extraordinary circumstances sufficient to warrant equitable tolling.  <u>Frye v.</u>

3   <u>Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001).  Accordingly, Petitioner is not entitled to equitable

4   tolling on these grounds.

5          Petitioner also claims equitable tolling based on what he characterizes as the "miscarriage of

6   justice" exception.  (Doc. 1, p. 20).  Petitioner provides no federal authority, either statutory or case

7   law, for this proposition and the Court is aware of none.  The concept of equitable tolling is premised

8   on preventing the injustice of precluding federal review of an untimely petition when circumstances

9   beyond Petitioner's control prevented him from timely filing that petition.  However, that same

10  concept also imposes on a petitioner the requirement that he act diligently as to circumstances within

11  his control.  A petitioner who fails to act diligently cannot invoke equitable principles to excuse his

12  lack of diligence.  <u>See</u>  <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 151, 104 S. Ct.

13  1723 (1984); <u>see also</u>, <u>Miles</u>, 187 F.3d at 1107.

14         Here, despite being aware of the factual predicates for each of the claims raised in the instant

15  petition, Petitioner waited over seven years to present those claims to this Court.  Petitioner has

16  provided the Court with no evidence that would satisfactorily explain this delay or that would

17  suggest that extraordinary circumstances beyond his control precluded him from timely filing his

18  petition.  The Court cannot disregard or overlook a prolonged delay of seven years when the AEDPA

19  itself anticipates that petitioners will act promptly and expeditiously to obtain review of their claims.

20  The only possible finding the Court can make under these circumstances is that Petitioner has not

21  acted with diligence.

22         Accordingly, because the instant petition appears to have been filed over seven years after the

23  one-year period would have expired, it appears that the petition is untimely and thus must be

24  dismissed.  In order to avoid dismissal of the instant petition, Petitioner must, in his response,

25  provide information sufficient to allay the Court's expressed concerns about the apparent

26  untimeliness of the petition.

27  ///

28  ///

9

## ORDER

Accordingly, the Court HEREBY ORDERS:

1.  Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service

    of this Order why the Petition should not be dismissed for violation of the one-year

    statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in dismissal of

the Petition pursuant to Local Rule 11-110.


IT IS SO ORDERED.

Dated:   **December 5, 2008**                                     _____**/s/ Theresa A. Goldner**_____
_____                                                                              UNITED STATES MAGISTRATE JUDGE

10