# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTIN DE LA CERDA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> ANTHONY HEDGPETH, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | 1:08-cv-01836-TAG HC <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1) <br><br> FINDINGS AND RECOMMENDATIONS TO DENY AS MOOT PETITIONER'S MOTION FOR CAUSE (Doc. 9) <br><br> ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus, challenging Petitioner's May 2000 conviction for attempted voluntary manslaughter, robbery, assault with a deadly weapon, and various sentence enhancements, as well as the subsequent forty-year sentence imposed by the trial court, was filed on December 2, 2008. (Doc. 1).

In his petition, Petitioner raises the following claims: (1) under the rationale in United States Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), Petitioner was denied his Sixth Amendment right to a jury trial when the state trial court, applying

1

California's Determinate Sentencing Law ("DSL"), imposed the upper term sentence on the principal charge without first submitting the facts supporting the upper-term sentence to a jury; (2) the time imposed for the sentence enhancements is in excess of the statutory maximum under California law; (3) insufficient evidence to support guilt on counts two and four; (4) denial of Petitioner's Sixth Amendment right to confrontation of witnesses; (5) Petitioner's sentence violates due process. (Doc. 1, pp. 3-9).

A preliminary review of the Petition suggested to the Court that the petition was untimely, and, on December 5, 2008, the Court issued an Order to Show Cause why the petition should not be dismissed. (Doc. 5). The Order to Show Cause gave Petitioner the opportunity to respond within thirty days. On December 22, 2008, Petitioner filed his response. (Doc. 9). In that response, Petitioner acknowledges that the Court's calculations of the "normal" running of the statute of limitations pursuant to 28 U.S.C. § 2244 were correct; however, Petitioner goes on to contend that the "premise of [his] constitutional claim were unknown, unavailable, and unable to be ascertained until the ruling in Cunningham v. California [citations omitted], which was not learned about until (2007), and it is fact that the constitutional basis could not have been discovered any sooner." (Doc. 9, p. 4).

For the reasons discussed below, the Court disagrees with Petitioner and recommends dismissal of the petition as untimely.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

2

habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. Here, by issuing this Order to Show Cause and permitting Petitioner to file a response thereto, the Court has afforded Petitioner the opportunity to respond that is required by the Ninth Circuit.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on December 2, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. 28 U.S.C. § 2244(d)(1)(a). Here, judgment was rendered on May 2, 2000, and

Petitioner did not file an appeal. California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), formerly Rule 31(d), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal, his direct review concluded on July 2, 2000, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA would have commenced the following day, on July 3, 2000, and Petitioner would have had one year from that date, or until July 2, 2001, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, the instant petition was not filed until December 2, 2008, almost seven and one-half years *after* the date the one-year period expired. Thus, unless some other provision of § 2244(d)(1) is applicable, or unless Petitioner is entitled to some form of statutory or equitable tolling, the petition is untimely and must be dismissed.

Here, Petitioner contends that, for purposes of a claim founded on Cunningham, the AEDPA's one-year limitation period did not commence until that case was decided in 2007 by the United States Supreme Court. (Doc. 9, p. 4). Petitioner also contends that Cunningham announced a new rule of constitutional law. (Id. at p. 6). Petitioner is incorrect on both points.

As indicated above, the one-year limitation period commences on the latest of one of the four dates set forth in § 2244(d)(1). Normally, that date would be the date the petitioner's conviction became final. § 2244(d)(1)(A). However, the statute of limitations may also commence upon the removal of an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States." § 2244(d)(1)(B). The record does not suggest, and Petitioner does not contend, that any such impediment ever existed or that it was subsequently removed. Accordingly, that subsection is inapplicable.

4

Nor does § 2244(d)(1)(D) provide a later accrual date for the commencement of the statute of limitations. Under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154, n. 3 (9th Cir. 2001); see United States v. Pollard, 416 F.3d 48, 55 (D.D.C. 2005)(habeas petitioner's alleged "ignorance of the law until an illuminating conversation with an attorney or fellow prisoner" does not satisfy the requirements of section 2244(d)(1)(D)). Here, Petitioner plainly knew, or should have known, by July 3, 2000, the date the one-year period commenced, the "important fact[s]" on which he bases his Cunningham claim, i.e., that the upper-term sentence imposed by the state trial court was based in part on facts not submitted to a jury and proven beyond a reasonable doubt. The running of the statute of limitations does not await illuminating advice, legal research, or the issuance of judicial decisions that help would-be petitioners to recognize the legal significance of particular predicate facts. See id.

Finally, § 2244(d)(1)(C) provides that the one-year period may commence from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...." Petitioner contends that this date applies by virtue of the Supreme Court's 2007 decision in Cunningham that California's DSL was unconstitutional. Petitioner is mistaken.

Section 2244(d)(1)(C) is inapplicable to Cunningham because the United States Supreme Court has not held that Cunningham constitutes both (1) a new rule and (2) a rule retroactively applicable to cases on collateral review. Contrary to Petitioner's contentions, the Ninth Circuit, in Butler v. Curry, 528 F.3d 624, 633-639 (9th Cir. 2008), has held that Cunningham did ***not*** announce a new rule. In Butler, the Ninth Circuit clarified that the Cunningham decision, striking down California's determinate sentencing law, was compelled by Blakely v. Washington, 542 U.S. 296 (2004), such that the decision as to whether a petitioner's constitutional rights herein were violated rests, as a threshold matter, on whether or not his conviction became final before Blakely, not Cunningham, was decided. Citing Teague v. Lane, 489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel stated as follows:

Apprendi,[1] Blakely,[2] and Booker[3] made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Cunningham, supra,] at 306. No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule of constitutional law and may be applied retroactively on collateral review*.

Butler, supra, at 639. (Emphasis supplied).

Apprendi, Blakely, and Booker have been determined to be new rules, but not retroactive on collateral review, thus failing to satisfy the second requirement.[4] Cunningham has now been determined by the Ninth Circuit to apply retroactively to cases on collateral review, but is not a new rule, thus failing to satisfy the first requirement. Butler, 528 F.3d at 639.

Hence, contrary to Petitioner's arguments, the alternative starting date contained in subsection (C) for the one-year limitation period in Petitioner's case is not implicated by any of the applicable federal case law. Accordingly, the commencement of the statute of limitations here is governed by the "usual" starting date contained in subsection (A). This conclusion is consistent with the great majority of federal district courts in this circuit who have addressed this issue. E.g., Martinez v. Hedgepeth, 2008 WL 3154689, at *4 (E.D. Cal. Aug. 4, 2008)(because Cunningham was not a new rule, subsection C is inapplicable); Thomas v. Yates, 2008 WL 4177608, at *2 (E.D. Cal. Sept. 4, 2008)(same); Bell v. Adams, 2008 WL 4722564, at *3 (C.D. Cal. Oct. 23, 2008)(same); Collett v. Salazar, 2008 WL 4601463, at *2 (C.D. Cal. Oct. 14, 2008)(same); Taylor v. Vasquez, 2008 WL 23022, at *2-3 (C.D. Cal. Oct. 21, 2008)(same); Schuller v. Horel, 2008 WL 3914171, at *1 n.2 (C.D. Cal. Aug. 25, 2008)(same); Pimental v. Almager, 2008 WL 2757075, at *3 (C.D. Cal.

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), held that other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.

[2] Blakely held that the relevant statutory sentencing maximum is the maximum sentence a judge may impose soley based on the facts reflected in the jury's verdict or admitted by defendant.

[3] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), in addressing the constitutionality of the federal sentencing guidelines, held that if a fact necessarily results in a mandated higher sentence, the fact must be admitted by the defendant or found by the jury.

[4] See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005)(Apprendi not retroactive); U.S. v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002)(same); Schardt v. Payne, 414 F.3d 1025, 1033-1038 (9th Cir. 2005)(Blakely not retroactive); U.S. v. Cruz, 423 F.3d 1119 (9th Cir. 2005)(Booker not retroactive).

6

July 14, 2008)(same).[5]

As discussed above, using subsection (A) as the starting date inexorably leads to a conclusion that the instant petition was filed at seven and one-half years *after* the one-year period expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling sufficient to account for this lengthy delay, the petition is untimely and must be dismissed.[6]

   C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[7] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182 (2001); see Fail v. Hubbard, 272 F.3d 1133, 1135-1136 (9th Cir.2001).

This statutory tolling will apply if a state petition has been "properly filed." Artuz v. Bennett,

---

[5] The Court has been unable to find a district court case that reaches a different conclusion than those cited herein.

[6] Petitioner also contends that "[i]t is well settled that an unauthorized sentence may be corrected at any time," citing California cases in support of his contention. (Doc. 1, p. 16). While that proposition may be true for violations of California's *state* sentencing laws in California *state* courts, the same proposition is clearly not true in habeas proceedings in *federal* court, as is evidenced by the strict time requirements imposed by Congress and codified in 28 U.S.C.§ 2244(d)(1).

[7] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

7

531 U.S. 4, 8 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224 (2002).

Here, Petitioner has indicated he has previously filed state habeas petitions but he does not provide the Court with any information or details that would permit the Court to determine whether he is entitled to statutory tolling for the pendency of those petitions. However, the Court has conducted a review of the California courts' electronic database, which indicates that Petitioner filed the following state habeas petitions: (1) filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on November 14, 2007 and denied on March 20, 2008 in case no. F054129; and (2) filed in the 5th DCA on July 14, 2008 and denied on July 24, 2008 in case no. F055625. The Court could find no record of any petitions filed in the California Supreme Court.[1] Moreover, because the one-year period had already expired <u>before</u> the first of these two state petitions was filed, Petitioner would not be entitled to statutory tolling in any event. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000)(petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

Assuming, without deciding, that Petitioner was entitled to statutory tolling during the

---

[1] The court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's electronic records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

pendency of those two petitions, he would be entitled to 127 days for case no. F054129 and 10 days for case no. F055652, for a total of 137 days of tolling.[2] Obviously, even tolling the one-year period for 137 days still leaves the instant petition untimely by over seven years. Thus, unless Petitioner is entitled to equitable tolling, the petition must be dismissed as untimely.

D. Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, Petitioner has raised several contentions that, liberally construed, could be interpreted as arguments for equitable tolling. First, Petitioner contends that he did not earlier raise his Sixth Amendment Confrontation Clause claim because he is unskilled in the law and because both his trial and appellate attorneys provided constitutionally ineffective assistance. (Doc. 1, p. 19).

A petitioner's ignorance of the law is not grounds for equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Moreover, Petitioner's claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling. See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999);

---

[2] Petitioner would not be entitled to "interval" tolling, i.e., for the time between the denial of the first petition and the filing of the second petition because Petitioner was not proceeding from a lower state court to a higher one. Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003)(a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system); see also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap between first set of state petitions and second).

9

1 Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).  Finally, the Ninth Circuit has held that the miscalculation of the limitations period by a petitioner's counsel, *or counsel's negligence in general*, do not constitute extraordinary circumstances sufficient to warrant equitable tolling.  Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).  Accordingly, Petitioner is not entitled to equitable tolling on these grounds.

Petitioner also claims equitable tolling based on what he characterizes as the "miscarriage of justice" exception.  (Doc. 1, p. 20).  Petitioner provides no federal authority, either statutory or case law, for this proposition and the Court is aware of none.  Indeed, the whole concept of equitable tolling is premised on preventing the injustice of precluding federal review of an untimely petition when circumstances beyond Petitioner's control prevented him from timely filing that petition.  However, that same concept also imposes on a petitioner the requirement that he act diligently as to circumstances within his control.  A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See  Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107.

Here, despite being aware of the factual predicates for each of the claims raised herein, Petitioner  nevertheless waited over seven years to present those claims to this Court.  Petitioner has provided the Court with no evidence that would satisfactorily explain this inordinate delay or that would suggest that extraordinary circumstances beyond his control precluded him from timely filing his petition.  The Court cannot simply disregard a prolonged delay of seven years when the AEDPA itself anticipates that petitioners will act promptly and expeditiously to obtain federal review of their claims.  The only possible finding the Court can make under these circumstances is that Petitioner has not acted with diligence.

In sum, the Court concludes that the petition has been filed over seven years after the one-year period expired; therefore, the petition is untimely and should be dismissed.  Because of the Court's recommendation that the petition should be dismissed, the Court will also recommend denial of Petitioner's Motion for Cause Based on New Evidence Ruling in Cunningham Removed State Impediments," (Doc. 9), as moot.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. The petition for writ of habeas corpus (Doc. 1), should be DISMISSED for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d); and,

2. Petitioner's motion for cause (Doc. 9), should be DENIED as MOOT.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 21, 2009**                    /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE